IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 16, 2013


**CRAIG BEENE v. STATE OF TENNESSEE**


**Appeal from the Circuit Court for Dickson County**
**No. CR-6611A[1]   Robert E. Burch, Judge**


**No. M2012-01578-CCA-R3-CO - Filed April 16, 2013**


The Petitioner, Craig Beene, appeals the Dickson County Circuit Court's denial of his petition for a writ of error coram nobis regarding his convictions for attempt to commit first degree murder, especially aggravated kidnapping, and aggravated assault, for which he is serving an effective seventeen-year sentence. The Petitioner contends that the trial court erred by denying him relief. We affirm the judgment of the trial court.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**


JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., and PAUL G. SUMMERS, SR.J., joined.


Craig Beene, Nashville, Tennessee, Pro se.


Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Dan Mitchum Alsobrooks, District Attorney General, for the appellee, State of Tennessee.


**OPINION**


In 2004, the Petitioner pleaded guilty to attempt to commit first degree murder, especially aggravated kidnapping, and aggravated assault, and received seventeen years' confinement pursuant to a plea agreement. *See Craig Lamont Beene v. State*, No. M2005-013220-CCA-R3-PC (Tenn. Crim. App. Mar. 17, 2006), *perm. app. denied* (Tenn. June 26, 2006). The Petitioner sought post-conviction relief, alleging that he entered involuntary

---

[1] We note that the record shows a docket number of CR-6611A but that the trial court's order denying relief shows a docket number of CR-7648. We have concluded that CR-6611A is the proper docket number.

guilty pleas because he received the ineffective assistance of counsel. The trial court denied relief, and this court affirmed the denial. *See Craig L. Beene v. State (Steven Dotson, Warden)*, No. W2007-01748-CCA-R3-HC (Tenn. Crim. App. Feb. 27, 2008). The Petitioner sought habeas corpus relief. The trial court denied relief; the Petitioner appealed the denial; and this court affirmed the denial. *Id.*, slip op at 1. The Petitioner now seeks coram nobis relief.

The coram nobis petition alleged that Detective Cedric Cusic intimidated the Petitioner and enlisted other inmates to commit acts of violence against the Petitioner. The Petitioner claimed that while waiting inside a courtroom, the detective threatened him by motioning with his hand as though he were pulling the trigger of a gun. The Petitioner claimed that a court officer saw the detective and removed the detective from the courtroom. He claimed that at the time of his court appearance, he was under the influence of psychotic drugs that affected his ability to think. He stated that he attempted to raise this issue in his post-conviction petition but that counsel "did not investigate or call witness[es]." He claims that he unsuccessfully attempted to learn the names of the other inmates in the courtroom the day the detective threatened him and the names of the court officers assigned to the courtroom.

The Petitioner also claimed that Detective Cusic visited his mother's home outside the detective's jurisdiction in April 2004 in an effort to intimidate the Petitioner. He stated that he believed he and his family were threatened because of "a land deal." He requested that the trial court issue orders instructing the Dickson County Court Clerk and the county attorney's law firm to "surrender public records . . . pursuant to open records act." The Petitioner attached an affidavit to his petition raising an issue related to the composition of the jury, although he did not raise such a claim in the substantive portion of his petition.

The trial court denied coram nobis relief. The court found that any events with Detective Cusic occurred in the general sessions court and had no relevance to the Petitioner's guilty plea. It found that the Petitioner's allegations did not present a valid basis for coram nobis relief. The court found that the Petitioner's allegations regarding an involuntary plea and the racial composition of the jury were previously addressed, concluded that the Petitioner was attempting to litigate issues adjudicated in a previous proceeding, and denied relief in the post-conviction proceeding. This appeal followed.

The Petitioner contends that the trial court erred by denying him relief without an evidentiary hearing. He asserts that his petition did not discuss jury composition and that the court guessed about the events related to Detective Cusic occurring in general sessions court. The State responds that the court properly denied the Petitioner relief. We agree with the State that the Petitioner is not entitled to relief.

A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." T.C.A. § 40-26-105 (2012); *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995). The decision to grant or deny such a writ rests within the sound discretion of the trial court. *Teague v. State*, 772 S.W.2d 915, 921 (Tenn. Crim. App. 1988). A petition for writ of error coram nobis must be filed within one year of the date the judgment becomes final in the trial court. T.C.A. § 27-7-103 (2000); *State v. Mixon*, 983 S.W.2d 661, 663 (Tenn. 1999); *State v. Ratliff*, 71 S.W.3d 291, 295 (Tenn. Crim. App. 2001). The only exception to the statute of limitations is when due process principles require tolling. *Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001).

The State refers to the petition as "very untimely" but does not request a dismissal of the appeal. We note that the State failed to raise the timeliness of the petition in the trial court and that the court did not address the statute of limitations. We will address the merits of the appeal.

The Petitioner characterizes the alleged threats from the detective and other inmates as newly discovered evidence. We disagree. The Petitioner alleges the detective's threatening him in the courtroom, the detective's going to his mother's home to intimidate him, and the other inmates' intimidating him caused him to plead guilty. These facts, even if true, were known to the Petitioner and are not newly discovered. Because the Petitioner knew of these facts, the Petitioner is not entitled to error coram nobis relief. *See Wlodarz v. State*, 361 S.W.3d 490, 506 (Tenn. 2012).

We conclude that the trial court properly denied the Petitioner error coram nobis relief and that he failed to present newly discovered evidence that might serve as a valid basis for relief. *See Harris v. State*, 301 S.W.3d 141, 154 (Tenn. 2010); *Wlodarz*, 361 S.W.3d at 506. The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE